UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-00851-JRS-TAB |
| | ) |
| DUSHAN ZATECKY Warden, | ) |
| WEXFORD OF INDIANA, LLC, | ) |
| PAUL A. TALBOT MD, | ) |
| MICHELLE LAFLOWER, | ) |
| ALEYCIA MCCULLOUGH, | ) |
| NIKKI TAFOYA RN, BSN, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendant Aleycia McCullough's
Unopposed Motion for Summary Judgment**

Plaintiff Roger Graham, an inmate in the Indiana Department of Correction (IDOC) proceeding *pro se*, filed this 42 U.S.C. § 1983 action seeking compensatory and punitive damages and injunctive relief for the defendants' alleged deliberate indifference to his serious medical needs. Dkt. 2. Aleycia McCullough, one of six defendants, moves for summary judgment because her employment at Mr. Graham's correctional facility ended before any of the events alleged in the complaint occurred, and she was not involved in providing any services at the facility after her employment ended. Dkt. 48. Mr. Graham was served with the motion and a separate notice of right to respond, dkt. 50, but has not responded to Ms. McCullough's motion and it is therefore unopposed. For the reasons explained below, the motion for summary judgment, dkt. [48], is **granted**.

## I.  Summary Judgment Legal Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not scour the record for other evidence. Fed. R. Civ. P. 56(c)(3); *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

Mr. Graham has not responded to Ms. McCullough's motion for summary judgment, and the deadline for doing so has long passed. The consequence is that Mr. Graham has conceded her assertions of fact. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a

dispute of fact precluding summary judgment."). Because Mr. Graham failed to respond to the motion, and thus failed to comply with the Court's Local Rules regarding summary judgment, the Court will not consider allegations in Mr. Graham's complaint *as evidence* opposing the motion for summary judgment. Although *pro se* filings are construed liberally, *pro se* litigants such as Mr. Graham are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts of the Case

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Graham as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

In his complaint, mistitled as a "First Amended Complaint," Mr. Graham alleged that he has experienced wood fragments in his hand since August 16, 2017. Dkt. 2 at ¶ 15. Mr. Graham contended that the wood fragments caused him pain and that the defendants, all working at the Pendleton Correctional Facility (PCF), were deliberately indifferent to his serious medical needs when his hand was not properly treated. *Id.* at ¶¶ 15-26. As to Ms. McCullough, Mr. Graham alleged that at all times material to his allegations, she was employed by defendant Wexford of Indiana, LLC, and worked at PCF. *Id.* at ¶ 8. He alleged that her duties were "to ensure that

appropriate steps were to be made to insure that all foreign bodies (wood fragments) were removed and the appropriate specialist[s] were seen . . . but [she] failed to do so." *Id.* at ¶ 19; *see also id.* at ¶ 32 (explaining the above allegation in more detail).

Ms. McCullough never worked for Wexford of Indiana, LLC. Dkt. 48-2 at ¶ 1. She had been employed by Wexford's predecessor, Corizon, LLC, as the Health Services Administrator at PCF, but that employment ended on March 31, 2017. *Id.* at ¶ 2. When her PCF-based employment ended on March 31, 2017, she moved to Kansas where she is still employed by Corizon. *Id.* At no time relevant to the issues in this action was Ms. McCullough involved in Mr. Graham's medical care. *Id.* at ¶ 5.

### III. Analysis

Applying the foregoing legal standard to the undisputed facts, Ms. McCullough has established that she was not employed or working at PCF at any time relevant to Mr. Graham's claims. Her last day of working at PCF was March 31, 2017, several months before the onset of Mr. Graham's claims on August 16, 2017. It appears Mr. Graham intended to sue the Health Services Administrator involved with his case, but he named the wrong person.

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")); *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th

Cir. 2016) (erroneously sued defendant dismissed because no personal involvement in the underlying events).

For the foregoing reasons, defendant Aleycia McCullough's unopposed motion for summary judgment, dkt. [48], is **granted**. All claims against Aleycia McCullough are **dismissed** with prejudice. No partial final judgment shall issue at this time.

### IV. Conclusion

For the reasons explained above, Aleycia McCullough's motion for summary judgment, dkt. [48], is **granted.** The clerk is directed to terminate this defendant from the docket.

**IT IS SO ORDERED**.

Date: 5/6/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Roger Graham
890664
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
Bleeke Dillon Crandall Attorneys
jeb@bleekedilloncrandall.com

Christopher Andrew Farrington
Bleeke Dillon Crandall Attorneys
drew@bleekedilloncrandall.com

Marley Genele Hancock
Indiana Attorney General
marley.hancock@atg.in.gov

Angela Marie Rinehart
Katz Korin Cunningham, P.C.
arinehart@kkclegal.com